# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Antonio Anthony Fair, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> York County Detention Center; ) <br> Sheriff A.W. Breeden; MD Jewell, ) <br> Medical Doctor; Nurse Practitioner A. ) <br> Cannon; Nurse Davis; and Nurse Bernett, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 5:25-cv-12778-TMC <br><br> **ORDER** |

Plaintiff Antonio Anthony Fair, Jr, a detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings. On October 16, 2025, the magistrate judge issued an order informing Plaintiff his Complaint was not in proper form for service and directing Plaintiff to provide service documents for the defendants named in his case. (ECF No. 11). Plaintiff was warned the failure to provide the necessary information within a specific time period may subject the case to dismissal. *Id*. On October 29, 2025, the proper form order was returned to the Court as undeliverable with the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (ECF No. 15).

Now before the Court is the magistrate judge's Report and Recommendation ("Report") concluding that "[i]t does not appear Plaintiff is still in the custody of the York County Detention Center," and that, "[a]s a result of Plaintiff's failure to keep the court apprised of his address, neither the court nor the Defendants have any means of contacting him concerning his case." (ECF

No. 17 at 1). The magistrate judge recommended this action be dismissed without prejudice in accordance with Fed. R. Civ. P. 41(b) unless Plaintiff, within the time set for filing objections to this Report, indicates to the Court that he wishes to continue with this case and provides a current address. *Id*. at 2. The Report advised Plaintiff of his right to file objections to the Report within fourteen days and of the possible consequences for failing to do so. *Id*. at 3.

On November 18, 2025, the Report was mailed to Plaintiff at the York County Detention Center—the only address he has provided the Court. (ECF No. 18). On December 12, 2025, the Report was returned to the Court marked "Return to Sender Not Deliverable." (ECF No. 19).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having carefully reviewed the Report and the record and, finding no clear error, the Court agrees with the magistrate judge's findings and recommendations and **ADOPTS** the Report. (ECF No. 17). To this date, except for filing the complaint and other documents needed to initiate this action, Plaintiff has not participated in this litigation and has not advised the Court of any changes to his address or status. The Court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. Therefore, this case is **DISMISSED** without prejudice. The Clerk of Court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 15, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.